**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:16-CV-03068-B (BF) |
| BURLINGTON STORES, INC., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the district court referred this case to the United States Magistrate Judge for pretrial management. *See* Standing Order of Reference, ECF No. 18. Before the Court is Defendant Burlington Stores, Inc.'s Partial Motion to Dismiss [ECF No. 7]. For the following reasons, the district court should GRANT Defendant's motion and dismiss this action with prejudice.

**Background**

Sherri R. Lowe ("Plaintiff") brings this suit against Burlington Stores, Inc. ("Defendant") for an accident occurring at one of Defendant's stores in Dallas, Texas. Compl. 1, ECF No. 3. On May 7, 2016, Plaintiff alleges that she went shopping with her mother at Defendant's business. *Id.* at ¶ 4. Plaintiff alleges that she reached up to grab a pair of shoes off of a shelf and a shoe fell, injuring her left foot. *Id.* Plaintiff brings ten causes of action against Defendant including: (1) negligence; (2) products liability; (3) breach of implied warranty; (4) breach of express warranty; (5) breach of contract; (6) battery; (7) assault; (8) res ipsa loquitur; (9) violations of the Deceptive Trade Practices Act §§ 17.41-17.63; and (10) vicarious liability. *Id.* at 2 ¶ 9-6 ¶ 37. Plaintiff requests damages exceeding $250,000.00. *Id.* at 7. Plaintiff also requests for punitive and mental anguish damages. *Id.* at 6-7. Defendant moves to partially dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.

Def.'s Mot. to Dismiss, ECF No. 7; FED. R. CIV. P. 12(b)(6). Plaintiff untimely filed her response to Defendant's motion on December 23, 2016. Pl.'s Resp., ECF No. 19.[1] Defendant did not file a reply and the time to do so has passed. *See* Docket. This matter is ripe for determination.[2]

## Legal Standard

Under Rule 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a motion to dismiss, the Court should accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotations omitted). However, the factual allegations must support plausible cause of action and sufficiently to raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679.

## Analysis

## Negligence[3]

"Under Texas law, the elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach."

---

[1] Plaintiff's response argues against the entry of summary judgment. *See* Pl.'s Resp. 3, ECF No. 19. Defendant has not filed a motion for summary judgment in this case.

[2] The Court DENIES Plaintiff's request to hold an evidentiary hearing on this matter. Pl.'s Resp. 4-5, ECF No. 19.

[3] The Court notes that Defendant's Motion to Dismiss does not include Plaintiff's negligence claim. However, this Court finds *sua sponte* that Plaintiff fails to state a claim for negligence.

*Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746, at *3 (N.D.Tex. Aug. 12, 2015) (Boyle, J.) (citing *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008)).

Plaintiff alleges Defendant owed Plaintiff a duty to exercise reasonably prudent and ordinary care in the displaying of the shoes. Compl. 2 ¶ 10, ECF No. 3. Plaintiff alleges that Defendant violated this duty through eleven different failures by Defendant. *Id*. at ¶ 10(A)-(J).

The Court determines that Plaintiff has failed to state an actionable claim for negligence. Plaintiff's Complaint fails to allege that Defendant owes Plaintiff a legal duty. Plaintiff also does not assert that she suffered any damages. Even upon the Court examining Plaintiff's medical records, it appears that Plaintiff did not suffer any damages in this case. *See* Compl. 10-11, ECF No. 3. Plaintiff also fails to allege facts showing that Defendant is the proximate cause of her alleged injuries. "Proximate cause requires both cause in fact and foreseeability." *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (citing *Farley v. M M Cattle Co*., 529 S.W.2d 751, 755 (Tex. 1975)). "Foreseeability exists when 'the actor as a person of ordinary intelligence should have anticipated the dangers his negligent act creates for others.'" *Id*. (citation omitted). Plaintiff's bare recital of the elements of a negligence claim and conclusory allegations are not enough to survive a Rule 12(b)(6) challenge. [4] The Court raises *sua sponte* that the district court should dismiss Plaintiff's claim for negligence pursuant to Rule 12(b)(6).[5]

### Products Liability

"Chapter 82 of the Texas Civil Practice and Remedies Code (Product Liability Act) is written broadly to include any claim for personal injury caused by a defective product, whether

---

[4] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[5] *See Lexington Ins. Co. v. Chubb & Son, Inc*., No. 3:09-CV-00561-B, 2009 WL 1940485, at *4 (N.D.Tex. July 6, 2009) (Boyle, J.) (dismissing unjust enrichment claim *sua sponte*).

the claim is based on strict liability, negligence, or misrepresentation." *Escalante v. Deere & Co.*, 3 F. Supp. 3d 587, 589 (S.D.Tex. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 82.001(2)). "Under § 82.003 of the Product Liability Act, a seller that did not manufacture the product is only liable upon proof of one or more of seven distinct bases for liability." *Id.*; *see* TEX. CIV. PRAC. & REM. CODE § 82.003(a)(1)-(7).

Plaintiff alleges that Defendant displayed the shoes in a manner rendering it defective, unsafe, and unreasonably dangerous. Compl. 3 ¶ 13, ECF No. 3. Plaintiff makes no other factual allegations or basis for her claim. Plaintiff does not set forth "more than labels and conclusions" in her products liability claim. *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiff does not state any factual allegations of Defendant's liability under any of the seven areas of § 82.003(a). TEX. CIV. PRAC. & REM. CODE § 82.003(a). These conclusory allegations are insufficient to state "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The district court should grant Defendant's Motion to Dismiss Plaintiff's products liability claim.

### Breach of Implied Warranty and Express Warranty

"Successful assertion of breach of an express warranty requires: 1) an affirmation or promise made by the seller to the buyer; 2) that such affirmation or promise was part of the basis for the bargain, e.g. that the buyer relied on such affirmation or promise in making the purchase; 3) that the goods failed to comply with the affirmation or promise; 4) that there was financial injury; and 5) that the failure to comply was the proximate cause of the financial injury to the buyer." *Lindemann v. Eli Lilly & Co.*, 816 F.2d 199, 202 (5th Cir. 1987) (citation omitted). "Unlike an action for breach of an implied warranty which evolved from tort liability, an action for breach of an express warranty sounds in contract." *Id.* (citation omitted). "Implied warranties

are created by operation of law and are grounded more in tort than in contract." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex. 1987).

Plaintiff alleges that Defendant breached both an implied warranty and express warranty that "it displayed the 'shoes' in a good and workmanlike manner." Compl. 3 ¶¶ 16, 19, ECF No. 3. However, Plaintiff fails to cite to any contract between her and Defendant for which to base an express warranty. Plaintiff also does not allege that Defendant made any promises or affirmations to Plaintiff. Plaintiff's breach of an express warranty fails. Therefore, the Court looks to if Plaintiff states a plausible claim for breach of an implied warranty.[6]

Defendant argues that Texas recognizes implied warranties for: good and workmanlike construction, good and workmanlike performance of services, and merchantability. Def.'s Mot. 4-5, ECF No. 8. Plaintiff does not cite to any statute or case law in Texas supporting a claim for breach of an implied warranty for a "good and workmanlike manner." Thus, the Court liberally construes Plaintiff's independent claims for breach of an implied warranty as: implied warranty of good and workmanlike performance of services; implied warranty of good and workmanlike performance of construction; and implied warranty of merchantability. *See* Compl. 3 ¶¶ 15-17, ECF No. 3; Def.'s Mot. 5-6, ECF No. 8.

In *Melody Home Mfg. Co. v. Barnes*, the Texas Supreme Court recognized that "an implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner is available to consumers suing under the DTPA." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d at 354. As Defendant correctly addresses, there is no implied warranty in Texas to *display* an item in a store in a "good and workmanlike manner." Def.'s Mot. 5, ECF No. 8. The Court is unable to find that Texas recognizes an implied warranty for the display of shoes

---

[6] The Court notes for clarification that Plaintiff states her claims for breach of express warranty with the exact same threadbare allegations as her breach of implied warranty claim. *Cf.* Compl. 3 ¶¶ 16-17 *with* Compl. 3-4 ¶¶ 19-20, ECF No. 3.

(or goods) in a good and workmanlike manner. Plaintiff simply cites to a warranty that does not exist in law. Plaintiff also alleges that Defendant breached an implied warranty "[b]y failing to service the 'shoes' in a good and workmanlike manner." Compl. 3 ¶¶ 16(B), ECF No. 3. Texas does not grant Plaintiff a cause of action for breach of an implied warranty to repair and modify goods in a good and workmanlike manner outside of the DTPA. *See Irwin v. Country Coach Inc.*, No. 4:05-CV-145, 2006 WL 278267, at *6 (E.D.Tex. Feb. 3, 2006) ("*Melody Home* no longer grants Plaintiffs a cause of action for breach of the implied warranty to repair and modify goods in a good and workmanlike manner.") (citing *Melody Home*, 741 S.W.2d at 354).

Plaintiff further alleges that Defendant breached an implied warranty of merchantability "[b]y displaying the 'shoes' which was not merchantable and fit for ordinary use." Compl. 3 ¶¶ 16-16(A), ECF No. 3. Plaintiff also alleges Defendant released the shoes into the stream of commerce which was not merchantable. *Id*. at ¶ 16(C). "Texas law provides that, unless excluded or modified, a warranty that goods shall be *merchantable* when sold is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *Kourim v. Emerson Elec. Co.*, No. 3:02-CV-1102-K, 2004 WL 1391747, at *2 (N.D.Tex. June 21, 2004) (citing Tex. Bus. & Comm. Code § 2.314(a)) (emphasis added). Here, Plaintiff alleges no facts supporting her claim that the shoes were not merchantable and fit for their ordinary use.[7] Additionally, "to demonstrate a breach of an implied warranty of merchantability, a plaintiff must establish that the product has a defect which renders it unfit for its ordinary purpose." *Ackermann v. Wyeth Pharm.*, 471 F. Supp. 2d 739, 744-45 (E.D. Tex. 2006), *aff'd*, 526 F.3d 203 (5th Cir. 2008)

---

[7] "To prevail on a claim for breach of implied warranty of merchantability, the plaintiff must establish four elements: 1) the defendant sold or leased a product to the plaintiff; 2) the product was unmerchantable; 3) the plaintiff notified the defendant of the breach; and 4) the plaintiff suffered injury." *Deeds v. Whirlpool Corp.*, No. CV-H-15-2208, 2016 WL 6070552, at *4 (S.D.Tex. Oct. 17, 2016) (citing cases) (internal quotation marks omitted); *Polaris Indus., Inc. v. McDonald*, 119 S.W. 3d 331, 336 (Tex. App.-Tyler 2003, no pet.); Tex. Bus. & Com. Code § 2.314.

(citing *Gen. Motors v. Garza*, 179 S.W.3d 76 (Tex.App.-San Antonio 2005, no pet.)). Plaintiff does not allege that she purchased the product from Defendant or that the product was defective. Def.'s Mot. 6, ECF No. 8.[8]

Accordingly, the district court should grant Defendant's Motion to Dismiss Plaintiff's claims of breach of implied warranty and breach of express warranty.

**Breach of Contract**

"The elements of a claim for breach of contract under Texas law are: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages to the plaintiff resulting from the breach." *Cooper v. Harvey*, 108 F. Supp. 3d 463, 470 (N.D.Tex. 2015) (Boyle, J.) (citing *Lewis v. Bank of Am. N.A.*, 343 F.3d 540, 545 (5th Cir. 2003)).

Plaintiff alleges that "Plaintiff entered into a valid contractual relationship." Compl. 4 ¶ 22, ECF No. 3. Plaintiff contends there is a contract between her and Defendant because there are several steps in making a contract such as inspecting the goods, comparing prices, and negotiations. *Id.* However, Plaintiff does not allege that any of these occurred. *Id.* Plaintiff has not offered sufficient factual allegations to support a claim for breach of contract. Plaintiff has not asserted that she performed under this contract, Defendant breached specific terms of the contract, or that this breach caused Plaintiff to incur damages. Plaintiff provides nothing more than a single conclusory allegation that is not sufficient to raise a right to relief above the speculative level. The district court should grant Defendant's Motion to Dismiss Plaintiff's breach of contract claim.

**Assault and Battery**

---

[8] *See also Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989) ("[A plaintiff] must show that the goods were unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy, i.e., because of a defect.").

"The elements of a battery claim are (1) a harmful or offensive contact (2) with a plaintiff's person." *Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 530 (N.D.Tex. 2016) (Boyle, J.) (citing *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 632 (S.D.Tex. 2014)) (internal quotation marks omitted). "A battery requires the defendant to intend bodily *contact that is offensive*." *Rhine v. First Baptist Dallas Church*, No. 3:14-CV-3055-M-BH, 2016 WL 6471941, at *7 (N.D.Tex. Oct. 4, 2016), *R. & R. adopted*, No. 3:14-CV-3055-M, 2016 WL 6436335 (N.D.Tex. Oct. 31, 2016) (citing *City of Watauga v. Gordon*, 434 S.W.3d 586, 590, 594 (Tex. 2014)) (emphasis in original). "A person commits an assault and thus may be liable in a civil case if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.'" *Nichols v. Apartment Temporaries, Inc*., No. 3:99-CV-2538-BC, 2001 WL 182701, at *2 (N.D.Tex. Jan. 22, 2001) (citing *Green v. Indust. Specialty Contractors, Inc*., 1 S.W.3d 126, 134 (Tex.App.-Houston [1st Dist.] 1999, no pet.)); *see also* TEX. PENAL CODE § 22.01(a) (A person commits assault "if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another . . . .").

Plaintiff has not alleged sufficient facts for a plausible claim for battery. Plaintiff has not alleged any facts that Defendant intended offensive bodily contact—an essential element to a battery claim. *See* Compl. 4 ¶¶ 24-26, ECF No. 3. Plaintiff also does not allege any facts supporting her claim of assault. *See id*. at 4-5 ¶ 27. Plaintiff only states Defendant's "actions placed Plaintiff in great danger of bodily injury." *Id*. Because Plaintiff has failed to allege facts that, if taken as true, that would establish claims for assault *or* battery the district court should grant Defendant's Motion to Dismiss these claims.

**Deceptive Trade Practices Act**

Under Texas law, the elements of a Deceptive Trade Practices Act ("DTPA") claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc*., 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). Thus, a claimant asserting a cause of action under the DTPA must be a "consumer" in order to have standing. *Cushman v. GC Serv., L.P.*, 397 Fed. App'x 24, 27-29 (5th Cir. 2010). A "consumer" under the DTPA is defined as one who "seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). "Goods" include "tangible chattels or real property purchased or leased for use." *Id*. at § 17.45(1). "Services" are defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id*. at § 17.45(2).

Plaintiff alleges Defendant violated § 17.50(a)(2) of the DTPA by breaching an express warranty and implied warranty to Plaintiff. Compl. 5 ¶ 34. "[T]he DTPA does not define or create any warranties." *Ackermann*, 471 F. Supp. 2d at 744 (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438 (Tex. 1995)). "Warranties actionable under the DTPA, both express and implied, must be first recognized by common law or created by statute." *Id*. (citing *Parkway Co.*, 901 S.W.2d at 438); *see also La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) ("[T]he [DTPA] does not create any warranties; therefore any warranty must be established independently of the act."). First, Plaintiff does not cite to any warranties Defendant made to her. Second, Plaintiff fails to identify any valid (implied or express) warranties under Texas common law or statute. Accordingly, Plaintiff's claims under the DTPA should be dismissed.

A consumer may bring a cause of action under the DTPA for "any unconscionable action or course of action by any person." TEX. BUS. & COM. CODE § 17.50(a)(3). An "unconscionable action or course of action" is "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." *Id*. at § 17.45(5). Plaintiff alleges the actions or inactions of Defendant were unconscionable in violation of § 17.50(a)(3). Compl. 5-6 ¶ 34, ECF No. 3. Plaintiff states no other factual allegations supporting this contention. Plaintiff's unconscionable claim is wholly insufficient to state a plausible claim.

Plaintiff's conclusory allegations under the DTPA cannot state a claim that is plausible on its face, even when viewed in a light most favorable to Plaintiff. Accordingly, all of Plaintiff's claims under the DTPA should be dismissed.

## Res Ipsa Loquitur

Res ipsa loquitur, "is simply a rule of evidence by which negligence can be inferred by the jury." *Montfort Square Shopping Ctr., Ltd. v. Goodyear Tire & Rubber Co*., No. 3:10-CV-1673-D, 2012 WL 2358163, at *11 (N.D.Tex. June 21, 2012) (Fitzwater, J.) (quoting *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex. 1982)); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245 (Tex. 1974). "The doctrine is applicable only when: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to be under the management and control of the defendant." *Id*. (internal quotation marks and citation omitted); *Harvey v. Racetrac Petroleum, Inc*., No. 3:07-CV-1828-D, 2009 WL 577605, at *2 n.4 (N.D.Tex. Mar. 6, 2009) (rejecting application of res ipsa loquitur).

Plaintiff alleges the shoes were an instrumentality within the exclusive direction and control of Defendant. Compl. 5 ¶¶ 30-31, ECF No. 3. Plaintiff contends that the accident is not the kind that would occur absent negligence on behalf of Defendant. *Id.*

Plaintiff "has not shown that beyond doubt the character of the accident is such that it would not ordinarily occur in the absence of negligence." *Montfort Square Shopping Ctr., Ltd,* 2012 WL 2358163, at *11 (citing *Pearson v. BP Prods. N. Am., Inc.*, 449 Fed. Appx. 389, 392 (5th Cir. 2011) (per curiam)); *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex. 1982). The character of the accident, i.e. a shoe falling on a customer from a shelf, is the type of accident that could occur in the absence of negligence on the part of Defendant. The district court should dismiss this claim *sua sponte* pursuant to Rule 12(b)(6).

### Vicarious Liability

"The general rule is that an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). "This Court has also held that, for an employee's acts to be within the scope of employment, 'the conduct must be of the same general nature as that authorized or incidental to the conduct authorized.'" *Id.* (quoting *Smith v. M Sys. Food Stores, Inc.*, 156 Tex. 484 (1957)).

Plaintiff alleges Defendant is liable under vicarious liability through its employees' negligence. Compl. 6 ¶ 39, ECF No. 3. Plaintiff states that Defendant's employees failed to: inspect, maintain, service, shelve, display, and market the shoes properly and correctly. *Id.* at ¶¶ 38(A)-(G). Plaintiff states Defendant's employees failed to warn Plaintiff that shoes could fall

off the shelves and failed to show the shoes in a good and workmanlike manner. *Id.* at ¶¶ 38(H)-(I). Plaintiff also contends Defendant's employees failed to act as a reasonable prudent person under the circumstances. *Id.* at ¶ 39(J).

Plaintiff's conclusory statements that Defendant's employees were acting in the course and scope of its authority are not sufficient to confer vicarious liability. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). As this Court has shown, Plaintiff does not state a plausible claim for negligence upon which to base a claim for vicarious liability. Plaintiff's generalized allegations do not specify what tort or torts Defendant or Defendant's employees committed, when they committed them, or present an affirmative link to her alleged injuries. Accordingly, the district court should *sua sponte* dismiss Plaintiff's vicarious liability claim pursuant to Rule 12(b)(6).

### Leave to Amend

A court should not dismiss a complaint without granting leave to amend unless the defect is incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). District courts typically allow plaintiffs at least one opportunity to amend their pleadings before dismissing a case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, leave to amend need not be granted if "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will

avoid dismissal." *Id.* Here, the Court finds that affording Plaintiff leave to amend any of her claims would be futile because the defects are incurable.

### *Sua Sponte* Dismissal

This Court recommends that the district court dismiss *sua sponte* Plaintiff's claims for negligence, res ipsa loquitur, and vicarious liability. "Even if a party does not make a formal motion under Rule 12(b) (6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." 5B Charles A. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1357, at 409 (3d ed. 2004). Accordingly, the district court should allow Plaintiff to file a response to the court's *sua sponte* motion for dismissal within 21 days of the district court's order. Defendant is directed not to file a responsive brief unless ordered by the court to do so. Failure to respond to the court's *sua sponte* motion as directed subjects these claims to dismissal for failure to state a claim upon which relief can be granted or for failure to comply with a court order pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure.

### RECOMMENDATION

The district court should **GRANT** Defendant's Partial Motion to Dismiss [ECF No. 7] dismissing Plaintiff's following claims: products liability; breach of implied warranty; breach of express warranty; breach of contract; battery; assault; and violations of the Deceptive Trade Practices Act. The District court should *sua sponte* dismiss Plaintiff's negligence, res ipsa loquitur, and vicarious liability claims.[9]

---

[9] The Court also recommends that Defendant's Motion to Strike [ECF No. 24] be DENIED as moot.

**SO RECOMMENDED**, this 7th day of March, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).